**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

| | | |
|---|---|---|
| A. V. DIAMONDS INC., § | | |
| *Plaintiff,* § | | |
| § | | |
| § | | |
| v. § | CASE NO. _____ | |
| § | | |
| § | | |
| JOSEPH JACOB JEWELERS LLC AND § | | |
| JOSEPH FTEHA, § | | |
| *Defendant.* § | | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff A. V. DIAMONDS INC. ("Plaintiff"), and would show the Court as follows:

### PARTIES

1. Plaintiff is a corporation organized under the laws of the State of Texas.

2. Defendant JOSEPH JACOB JEWELERS LLC ("Debtor") is a foreign corporation organized under the laws of the State of Florida, not registered with the State of New York, but doing business in New York County, New York, and may be served with process by and through its Registered Agent, Joseph J. Fteha, at 37 West 47th St., 1200, New York, New York 10036.

3. Defendant JOSEPH FTEHA ("Guarantor") (collectively called herein with Debtor, "Defendants") is an individual who resides in Brooklyn, Kings County, New York, and who may be served with process at 1637 E. 2nd St., Brooklyn, New York 11230-6901.

**SUBJECT MATTER JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction based on diversity of citizenship and the amount of controversy, which exceeds $75,000, excluding interest and costs. 28 U.S. § 1332(a).

5. Venue in this judicial district is proper because it is the judicial district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. 28 U.S. § 1391(b)(2).

**PERSONAL JURISDICTION**

6. This Court has personal jurisdiction over the Debtor because Debtor purposefully availed itself of the privilege of conducting activities or business in this state and Debtor's contacts with this state give rise to or are related to the Plaintiff's claims. In the alternative, the activities of Debtor in this state are so substantial that it is reasonable to require Debtor to defend a lawsuit that arose out of its activities in this state.

7. This Court has personal jurisdiction over the Guarantor because Guarantor is a resident of this state.

**FACTUAL ALLEGATOINS**

8. On May 2, 2022, to induce Plaintiff, a jewelry wholesaler, to do business, Debtor, a jewelry retailer, executed a Credit Agreement ("Contract") for the purchase of finished jewelry from Plaintiff, a wholesaler. Under the Contract, Debtor agreed to make payments for the jewelry ordered and delivered pursuant to the Contract. A true and correct copy of the Contract is attached to Exhibit "1," and marked as Exhibit "A," and is incorporated herein by reference for all purposes.

9. To secure payment under the Contract, the Contract expressly reserved to Plaintiff, a security interest in all inventories (which included the jewelry sold and delivered to Debtor), accounts receivable, fixtures, furniture, and all equipment, together with all proceeds of such

("Collateral").

10. Further in consideration for the extension of credit to Debtor, and to induce Plaintiff to do business with Debtor, Guarantor unconditionally and irrevocably guaranteed payment of Debtor's obligations under the Contract, including the payment of all interest, attorney's fees, and costs.

11. Upon Debtor's and Guarantor's representations that they would honor the Contract, Plaintiff supplied Debtor with finished jewelry at Debtor's request.

12. After the jewelry was delivered to Debtor at 37 W. 47th Street, Suite 1200, New York, New York 10036, and accepted by Debtor, Debtor made some payments to Plaintiff on Debtor's account created as a result of the Contract in good funds.  However, Debtor thereafter paid by checks but then stopped payment on them.

13. Debtor and Guarantor failed and refused, even after demand, to pay Plaintiff the balance due and owing to Plaintiff for the jewelry ordered by and supplied to Debtor.

## PLAINTIFF'S CLAIMS

### COUNT I
### Breach of Contract

14. Plaintiff repeats and re-alleges the factual allegations set forth above.

15. Plaintiff provided jewelry to Debtor under the Contract, but Debtor and Guarantor have failed to pay Plaintiff for the jewelry that Debtor ordered and that was delivered to and received by Debtor.

16. The principal amount due and owing by Debtor and Guarantor to Plaintiff on Debtor's account with Plaintiff created as a result of the Contract, is evidenced by Plaintiff's ledger of the Debtor's account, a true and correct copy of which is attached to Exhibit "1," and marked as Exhibit "B," and is incorporated herein by reference for all purposes.

## COUNT II
## Account Stated

17. Plaintiff repeats and re-alleges the factual allegations set forth above.

18. In the alternative and without waiving the foregoing, Debtor ordered and Plaintiff provided jewelry to Debtor on open account. Debtor accepted the jewelry delivered to 37 W. 47th Street, Suite 1200, New York, New York 10036, and became bound to pay Plaintiff the designated charges, which were usual, reasonable, and customary.

19. After the jewelry was delivered, Debtor made some payments to Plaintiff on Debtor's account. Debtor never objected to the billing statements or invoices or contested the balance due. However, Debtor also paid by checks but then stopped payment on them.

20. A systematic record has been kept of the transactions that form the basis of this action.

21. The payments and credits applied to the account and the principal amount due and owing to Plaintiff and remaining unpaid by Debtor on Debtor's account with Plaintiff is evidenced by Plaintiff's Affidavit, which is attached hereto and incorporated herein, marked as Exhibit "1," which includes Plaintiff's ledger of the Debtor's account, attached thereto and marked as Exhibit "B."

## COUNT III
## Quantum Meruit

22. Plaintiff repeats and re-alleges the factual allegations set forth above.

23. In the alternative, and without waiving the foregoing, Plaintiff states that it provided jewelry to Debtor upon Debtor's orders, which was delivered to 37 W. 47th Street, Suite 1200, New York, New York 10036, and accepted by Debtor knowing that Plaintiff expected payment for the jewelry. Debtor had reasonable notice that Plaintiff expected compensation for the finished

jewelry accepted, and Debtor made some payments as provided.  However, Debtor failed to make payments thereafter or paid and then stopped payment on the tendered checks. The amount due and owing to Plaintiff by Debtor is evidenced by the ledger of the Debtor's account with Plaintiff, a true and correct copy of which is attached to Exhibit "1," and marked as Exhibit "B," and is incorporated herein by reference for all purposes.

## COUNT IV
## Unjust Enrichment

24. Plaintiff repeats and re-alleges the factual allegations set forth above.

25. In the alternative, and without waiving the foregoing, Plaintiff states that Debtor obtained a benefit from Plaintiff by taking undue advantage of Plaintiff. Accordingly, Plaintiff is entitled to recover from Debtor the reasonable value of the jewelry delivered to Debtor, as it would be unjust for Debtor to be so enriched without reasonable compensation to Plaintiff.  The amount due and owing to Plaintiff by Debtor is evidenced by the ledger of the Debtor's account with Plaintiff, a true and correct copy of which is attached to Exhibit "1," and marked as Exhibit "B," and is incorporated herein by reference for all purposes.

## DAMAGES

26. Plaintiff repeats and re-alleges the factual allegations set forth above.

27. Plaintiff claim is just and true, it is due, and after the application of all lawful payments, credits, offsets, and allowances, Debtor is indebted to Plaintiff in an amount of not less than $224,969.91, in addition to attorney's fees, costs, and prejudgment and post judgment interest.

## ATTORNEY'S FEES

28. Plaintiff repeats and re-alleges the factual allegations set forth above.

29. Although requested to do so, Defendants have failed and refused to pay the sums due and owing to Plaintiff. As a result, Plaintiff has been required to retain the undersigned firm of attorneys to institute suit on their behalf. Pursuant to the terms of the Contract with Plaintiff, Defendants have agreed to pay such attorneys for services rendered and the costs incurred in bringing these claims.

**INTEREST**

30. Plaintiff repeats and re-alleges the factual allegations set forth above.

31. Plaintiff is entitled to pre-judgment interest at the Contract rate of 1.5% per month on the sum of money due and payable to Plaintiff pursuant to the Contract, or in the alternative, at the current rate allowed by law.

32. All conditions precedent to Plaintiff's right to demand payment, and to obtain judgment as requested herein have occurred or have been performed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff A. V. DIAMONDS INC. prays that Defendants JOSEPH JACOB JEWELERS LLC and JOSEPH FTEHA be cited to appear and answer herein, and on final hearing that:

A. Plaintiff A. V. DIAMONDS INC. have and recover Judgment of and from Defendants, jointly and severally, in the amount of not less than $224,969.91, plus pre-judgment and post-judgment interest;

B. That Plaintiff A. V. DIAMONDS INC.'s right of possession and security interest in the Collateral;

C. That Plaintiff A. V. DIAMONDS INC. be allowed foreclosure of its security interest in the Collateral, and for judgment for delivery of the possession of the Collateral;

D. That Plaintiff A. V. DIAMONDS INC. have and recover all reasonable and necessary attorney's fees incurred in the prosecution of this suit, jointly and severally, together with pre-judgment and post-judgment interest at the rate allowed by law, from Defendants;

E. That Plaintiff A. V. DIAMONDS INC. recover all costs of suit from Defendants; and

F. That Plaintiff have such other and further relief, both legal and equitable, to which they are justly entitled.

                        **THE WILLIS LAW GROUP, PLLC**

                        */s/ Vicki W. Hart*
                        MICHAEL A. GRAVES
                        New York License No. 5724331
                        VICKI W. HART (PRO HAC VICE PENDING)
                        Texas State Bar No. 24046037
                        KIRK D. WILLIS
                        Texas State Bar No. 21648500
                        17040 El Camino Real, Suite 300
                        Houston, Texas 77058
                        Telephone: (281) 953-2222
                        Facsimile: (281) 953-2272
                        service@thewillislawgroup.com

                        **ATTORNEYS FOR PLAINTIFF**